# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| BILL HERRON, ) <br> ) <br> Plaintiff, ) <br> ) Consolidated Cases <br> v. ) No. 86-4691-CV-C-SOW <br> ) No. 86-4729-CV-C-SOW <br> MacARTHUR WOODRUFF, et al., ) <br> ) <br> Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Bill Herron, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Pursuant to the telephone conference held with the parties on March 9, 2007, plaintiff's Motion for Relief Judgment is recommended granted, pursuant to the provisions of Mo. Rev. Stat. § 516.350.

On May 2, 1996, the United States Court of Appeals for the Eighth Circuit imposed sanctions in the amount of $3,190.00 against plaintiff. Such sanctions required plaintiff to make payments toward the $3,190.00 judgment over a period of time from his prisoner account. Section 516.350 provides, in relevant part, that every judgment of court record which mandates the making of payments over a period of time or payments in the future shall be presumed paid and satisfied after the expiration of ten years from the date of the original rendition thereof. Section 516.350 provides exception to the ten-year expiration of judgment if the judgment has been revived and duly entered upon the record of the court prior to the expiration of ten years, or if voluntary payment has been made.

In the instant case, the judgment against plaintiff was ten years old on May 2, 2006, and subject to the provisions of section 516.350. Payments have been withdrawn from plaintiff's prisoner account without his consent, and there is no entry upon the records of this court which

would revive the judgment or justify an extension of time. Thus, no exception applies and the ten-year presumption is applicable. The judgment against plaintiff is, therefore, conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever. Mo. Rev. Stat. 516.350 (2002).

The parties are to brief any additional issues that they think are appropriate for final resolution of this case, specifically to include whether this court has jurisdiction to refund any monies collected after the expiration of the ten years and/or enjoin defendants from collecting additional monies from plaintiff's inmate account.

IT IS THEREFORE, ORDERED that within twenty days, the parties brief for the court any additional issues appropriate for resolution of this case, specifically to include the jurisdictional issues set forth above. It is further

RECOMMENDED that plaintiff's motion for relief of judgment be granted and that judgment against plaintiff in the amount of $3,190.00 be conclusively presumed paid, and that no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever, pursuant to the provisions of Mo. Rev. Stat. § 516.350. [230].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 15th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge