IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BILL HERRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Consolidated Cases |
| v. ) | No. 86-4691-CV-C-SOW |
| ) | No. 86-4729-CV-C-SOW |
| MacARTHUR WOODRUFF, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On March 15, 2007, United States Magistrate Judge William A. Knox recommended that plaintiff's motion for relief of judgment be granted; that the judgment against plaintiff in the amount of $3,190.00 be conclusively presumed paid; and that no execution, order or process be issued thereon, or any suit be brought, had or maintained thereon, for any purpose whatever, pursuant to the provisions of Mo. Rev. Stat. § 516.350. The parties were advised they could (1) file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C), and (2) brief for the court any additional issues appropriate for the resolution of this case.

The court has conducted a de novo review of the record, including plaintiff's exceptions and motions for preliminary injunctive relief, and the objections of defendants. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

*Rule 69 Authorized Deductions for Payment of Judgment*

Federal Rule of Civil Procedure 69 permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district sits, and thus in this case, Missouri state law is applicable. Mo. Rev. Stat. § 217.260.6 provides for Department of Corrections' authority to reduce an offender's account due to indebtedness to the state. The judgment against plaintiff was to compensate for attorney fees and costs, on behalf of the defendants, Missouri Department of Corrections' employees, who were represented by the Missouri Attorney General. Therefore, the judgment against plaintiff was indebtedness to the State of Missouri, and his inmate account was properly reduced to pay such indebtedness,

pursuant to section 217.260.6 and Fed. R. Civ. P. 69. Plaintiff's motion for injunctive relief seeking return of all monies paid out of his inmate account over the last ten years toward satisfaction of the judgment is denied.

To the extent plaintiff seeks return of monies removed from his inmate account after the ten-year expiration of the May 6, 1996 judgment, these claims do not seek enforcement of the judgment entered by the federal court; rather, they seek enforcement of Missouri state law regarding satisfaction of judgments and the return of plaintiff's personal property (his inmate account monies). These types of claims seeking return of personal property generally must be brought in state court. Intentional and negligent deprivations of property are not actionable in a case filed under 42 U.S.C. § 1983, if there is a suitable state remedy. Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds. Plaintiff's motion for injunctive relief seeking return of monies removed from his inmate account after the ten-year expiration of the May 6, 1996 judgment is denied, without prejudice.

*Presumption of Judgment to be Paid and Satisfied after Ten Years*

Mo. Rev. Stat. § 516.350 provides that a judgment shall be presumed paid and satisfied after the expiration of ten years. However, the statute further provides that the judgment may be revived (1) for an additional ten years upon personal service duly had on the payor, or (2) for ten

2

years from the date of the last payment, if payment is made on such judgment and duly entered upon the record thereof.

The State of Missouri concedes there was no personal service made on plaintiff reviving the judgment in this case. Further, although monies were removed from plaintiff's inmate account for payment of the judgment over the last ten years, such payments did not revive the judgment. Although plaintiff's payments toward the judgment in this case need not have been voluntary, see Crockett v. Polen, 225 S.W.3d 419 (Mo. 2007) (concluding that the plain language of section 516.350 has no express requirement that the debtor pay voluntarily), they must be duly entered upon the court's record in order to revive the judgment. The payments made from plaintiff's inmate account, while recorded on his inmate account records, were not duly entered upon the record of the court, and therefore, did not revive the judgment. "Duly entered upon the record" means entered upon the court's record, not simply the record of the parties. Starrett v. Starrett, 24 S.W.3d 211 (Mo. App. E.D. 2000) (parties stipulated that payment had been made monthly ever since decree/judgment was entered more than 10 years ago; however, such payments did not revive the judgment because the payments were not recorded by the clerk of court as payments made on the judgment, and therefore, were not duly entered upon the record as required by section 516.350). Plaintiff's motion for relief from the May 6, 1996 judgment is granted.

*Additional Unrelated Filings of Plaintiff*

On June 4, 2007, plaintiff filed a motion for an order of contempt and notice of filing of declaration on claims regarding his prison property. These claims are unrelated to the claims in this case, and are not properly before this court. Therefore, plaintiff's motion is denied and these claims will not be addressed.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that plaintiff's motion for contempt is denied. [245] It is further

ORDERED that the Report and Recommendation of March 15, 2007, is adopted. [240] It is further

ORDERED that plaintiff's motion for relief of judgment is granted and the judgment against plaintiff in the amount of $3,190.00 is conclusively presumed paid, and no execution, order or process shall issue thereon, or any suit be brought, had or maintained thereon for any purpose whatever, pursuant to the provisions of Mo. Rev. Stat. § 516.350. [230] It is further

ORDERED that plaintiff's motion for a temporary restraining order regarding further removal of monies from his inmate account toward satisfaction of the judgment is moot. [238] It is further

ORDERED that plaintiff's motion for a preliminary injunction seeking return of all monies he has paid toward satisfaction of the judgment in the instant case over the last ten years is denied. [236] It is further

ORDERED that plaintiff's motion for injunctive relief seeking return of monies removed from his inmate account after the ten-year expiration of the judgment is denied, without prejudice. [238]

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: September 18, 2007

4

Case 2:86-cv-04691-SOW   Document 248   Filed 09/18/07   Page 4 of 4